UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN E. POLLOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-594 RLW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on Plaintiff Steve E. Pollock's ("Plaintiff") Emergency Motion for Sanctions and Request for Emergency Hearing (ECF No. 24). The Court has carefully reviewed the Motion, Memorandum in Support, all exhibits thereto, and Plaintiff's proposed order. The Court issues this Order without awaiting a response by Defendant United States of America ("Defendant") because the pending deposition of Plaintiff's expert witness tomorrow, March 31, 2021, requires an immediate ruling.

Plaintiff moves the Court for sanctions and relief against Defendant under Federal Rules of Civil Procedure 26(a), 37(c), and 37(d), for failure to produce essential records and information. This case is filed pursuant to the Federal Tort Claims Act and is based on claimed negligence related to care provided to Plaintiff, a veteran, after a Coronary Artery Bypass Graft ("CABG") that took place at a VA facility and allegedly caused the loss of Plaintiff's entire sternum and related structures. Plaintiff states that the case centered in part around the failure to provide post-surgical antibiotics. Plaintiff contends that during discovery in this case, Defendant's agency, the Department of Veterans Affairs ("VA"), withheld and failed to produce specific key documents essential to the primary allegations, even after clear notice of their relevancy, resulting in severe prejudice to Plaintiff and wasting time and resources of the U.S. Attorney's offices.

In brief, Plaintiff states that during pre-suit Administrative Claim proceedings, the VA produced a "full set" of Plaintiff's VA medical records consisting of 1,906 pages. After suit was filed, the Defendant made Rule 26(a) disclosures including a purported full set of the relevant medical records consisting of 3,184 pages with no omissions. Plaintiff contends the VA knew that Plaintiff's primary claim was the failure to deliver post-CABG antibiotics. After the disclosure of these documents, Plaintiff took the responsible VA surgeon's deposition on December 18, 2020, and learned for the first time through his testimony that records of post-surgery antibiotics existed. After strenuous efforts by Plaintiff's counsel to establish that such records exist, Defendant produced a revised Rule 26(a) disclosure on February 24, 2021. Defendant produced additional VA documents, and disclosed the identity of a nurse who allegedly administered the disputed antibiotic to Plaintiff.

Plaintiff alleges the VA's failure to disclose these key records was intentional and moves for mandatory sanctions under Rule 37(c) based on the failure to disclose.[1] Plaintiff asks the Court to preclude Defendant from introducing or otherwise using at hearing or trial any information, document, or testimony indicating that post-operative antibiotics were given to him. Plaintiff acknowledges, however, that if the newly disclosed records and information are truthful, "then the primary focus of Plaintiff's present case would be defeated, and presenting the record without the missing medical administration note would be factually flawed." (ECF No. 24 at 7.)

As for his resulting prejudice, Plaintiff states he has produced the report of a cardiothoracic surgeon, who in forming his medical opinion relied on the absence of any record of antibiotic administration, which the VA now says exists. This expert's deposition is set for tomorrow, March 31, 2021, and the Defendant will not agree to continue to deposition. Plaintiff states he

---

[1]Plaintiff expressly does not accuse the U.S. Attorney's Office of misconduct in connection with the VA's failure to disclosure records.

would have analyzed and designed his case entirely differently if the VA had produced the proper records and information, and that this aspect of the case cannot be "cured" solely by delay or rescheduling the deposition.  Plaintiff asserts that "sanctioning of costs or expenses, while entirely appropriate, will do little for the injured Plaintiff, would not discourage future failures by the VA, and will not compensate for the hundreds of hours of work put into the analysis and development of the case by counsel relying on a false record."  (Id.)

In the alternative to exclusion of the newly disclosed evidence, Plaintiff asks the Court to enter a monetary sanction "proportional to the harm done to Plaintiff and to the fair administration of justice, in the amount of $250,000.00" (id. at 8), and allow the case to go forward on any other viable claims that can be supported.  In that event, Plaintiff also requests an Order granting him a one-month delay in all scheduling deadlines, with permission to alter the disclosed expert opinions and/or to offer additional experts on the alternate theories.

The Court will grant Plaintiff's Motion to the extent it will prohibit Defendant from taking the deposition of Plaintiff's expert on March 31, 2021, will extend all scheduling deadlines for 30 days.  The Court will also grant Plaintiff permission to alter the disclosed expert opinions and/or offer additional experts on alternate theories.  The Court will deny Plaintiff's request for an emergency hearing, and will deny without prejudice his motion for sanctions.  Plaintiff may renew his motion for sanctions after the additional discovery is completed, at which time the Court and the parties can better evaluate the effect of the Defendant's late disclosure and consider potential remedies.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Emergency Motion for Sanctions and Request for Emergency Hearing (ECF No. 24) is **GRANTED in part**, **DENIED in part**, and **DENIED in part without prejudice**:  The Motion is **GRANTED** to the extent that (1) Defendant

3

United States of America is precluded from taking the deposition of Plaintiff's expert on March 31, 2021; (2) all scheduling deadlines in the Second Amended Case Management Order (ECF No. 23) are extended for 30 days; (3) Plaintiff is granted leave to alter his disclosed expert opinions and/or offer additional experts on alternate theories; **DENIED** as to Plaintiff's request for an emergency hearing; and **DENIED without prejudice** as to sanctions.

    **IT IS FURTHER ORDERED** that the parties shall meet and confer to agree upon a new date for the deposition of Plaintiff's cardiothoracic expert and prepare and submit a joint proposal for further amendment of the Case Management Order in accordance with this Order.

                                                    **RONNIE L. WHITE**
                                                    **UNITED STATES DISTRICT JUDGE**

Dated this 30th day of March, 2021.